[No. G033973. Fourth Dist., Div. Three. Aug. 30, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
TUTRAM HAI NGUYEN, Defendant and Appellant.

COUNSEL

Jennifer A. Gambale for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Barry J. T. Carlton and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ARONSON, J.**—Tutram Hai Nguyen was convicted of transporting and possessing for sale methamphetamine and marijuana. Nguyen contends she asserted her right to counsel under *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602] and its progeny when she attempted to call her attorney during her arrest. Consequently, she asserts police violated her right to an attorney when they later approached her at the station house, obtained her *Miranda* waiver, and interrogated her about the crime. For the reasons stated below, we affirm.

I

On the evening of May 31, 2003, Buena Park Police Officer Ryan Dieringer stopped a car driven by Ian Craven, defendant's friend. Defendant sat in the front passenger seat. During the detention, Dieringer decided to impound the car when he learned Craven's driver's license had been suspended. The officer found drugs during an impound search, and informed defendant she was under arrest.[1] Ignoring the officer's order to put her hands behind her back, defendant clutched a cellular phone and announced she intended to call her lawyer. Dieringer explained she could call her attorney from the police station, and again ordered her to put the phone down. Defendant refused to comply so Dieringer grabbed her right hand to handcuff it. When she pulled away, he placed her in a front wrist lock and handcuffed her. Another officer confiscated the cell phone. Dieringer advised defendant of her *Miranda* rights at the police station about 15–20 minutes later. Defendant waived her rights and made several damaging admissions.

Defendant moved to suppress her statements, arguing she invoked her right to consult with an attorney at the time of her arrest and therefore the officer was prohibited from later questioning her at the police station. The trial court denied the motion, reasoning defendant only may have wanted her lawyer to

---

[1] The trial court denied a motion to suppress evidence (Pen. Code, § 1538.5) related to the stop and search, the propriety of which is not an issue on appeal.

arrange bail and thus had not unambiguously and unequivocally expressed a desire to have no further dealings with the police without counsel. The court ruled the officer could clarify whether defendant invoked her rights, and clarified the ambiguity when defendant waived her *Miranda* rights and agreed to speak with the officer.

The parties subsequently submitted the matter to the court on the police and drug laboratory reports. The court found defendant guilty and placed defendant on formal probation for three years subject to the usual terms and conditions, including a 270-day jail term. This appeal followed.

## II

Defendant contends she clearly and unequivocally asserted her right to an attorney when she attempted to phone her lawyer during her arrest. Relying on *Edwards v. Arizona* (1981) 451 U.S. 477 [68 L.Ed.2d 378, 101 S.Ct. 1880] (*Edwards*), defendant argues police violated her right to counsel when they later approached her at the station house, obtained her *Miranda* waiver, and interrogated her about the drug changes. We disagree.

In *Edwards,* the Supreme Court held an in-custody defendant who has "expressed his desire to deal with the police only through counsel, is not subject to *further* interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." (*Edwards, supra,* 451 U.S. at pp. 484–485, italics added.) The interrogation must cease once a suspect asserts her right to counsel. Police are prohibited from approaching the suspect for further interrogation "until counsel has been made available." (*Id.* at pp. 484–485; see *Minnick v. Mississippi* (1990) 498 U.S. 146 [112 L.Ed.2d 489, 111 S.Ct. 486].) If police officers subsequently question the suspect in counsel's absence, assuming there has been no break in custody, the suspect's statements are presumed involuntary even where the suspect waives his *Miranda* rights and voluntarily agrees to speak with investigating officers. This bright-line rule is "designed to prevent police from badgering a defendant into waiving his previously asserted *Miranda* rights." (*Michigan v. Harvey* (1990) 494 U.S. 344, 350 [108 L.Ed.2d 293, 110 S.Ct. 1176].) The *Edwards* rule, moreover, is *not* offense-specific: Once a suspect invokes the *Miranda* right to counsel for interrogation regarding one offense, officers may not seek the suspect's permission to discuss other crimes unless counsel is present. (*Arizona v. Roberson* (1988) 486 U.S. 675 [100 L.Ed.2d 704, 108 S.Ct. 2093].) Thus, the *Miranda-Edwards* guarantee relates only to custodial interrogation regarding any suspected crime, and attaches whether or not defendant is entitled to counsel under the Sixth Amendment. (*McNeil v. Wisconsin* (1991) 501 U.S. 171, 178 [115 L.Ed.2d 158, 111 S.Ct. 2204]

(*McNeil*) ["To invoke the Sixth Amendment interest is, as a matter of *fact, not* to invoke the *Miranda-Edwards* interest"].)

■ In *Edwards*, the suspect "clearly asserted his right to counsel" after receiving *Miranda* warnings. (*Edwards, supra,* 451 U.S. at p. 485.) In *McNeil*, the court observed the *Edwards* rule applies "only when the suspect 'ha[s] *expressed'* his wish for the particular sort of lawyerly assistance that is the subject of *Miranda.* [Citation.] It requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney *in dealing with custodial interrogation by the police.*" (*McNeil, supra,* 501 U.S. at p. 178.)

■ In *McNeil*, the defendant claimed his request for counsel at an initial court appearance constituted an invocation of his Fifth Amendment right to counsel that precluded police-initiated interrogation on unrelated, uncharged offenses. The Supreme Court rejected the argument, observing: "We have in fact never held that a person can invoke his *Miranda* rights anticipatorily, in a context other than 'custodial interrogation'—which a preliminary hearing will not always, or even usually, involve, [citations]. If the *Miranda* right to counsel can be invoked at a preliminary hearing, it could be argued, there is no logical reason why it could not be invoked by a letter prior to arrest, or indeed even prior to identification as a suspect. Most rights must be asserted when the government seeks to take the action they protect against. The fact that we have allowed the *Miranda* right to counsel, once asserted, to be effective with respect to future custodial interrogation does not necessarily mean that we will allow it to be asserted initially outside the context of custodial interrogation, with similar future effect. . . ." (*McNeil, supra,* 501 U.S. at p. 182, fn. 3.) This admonition "reflects the general proposition, consistent with recent Supreme Court jurisprudence, [fn. omitted] that the rights guaranteed by the Constitution of the United States are primarily negative in character, standing guard as vigilant sentinels at the perimeter of permissible state conduct. [Citations.] It is only at the time that the state seeks to invade this citadel of individual liberty that these constitutional guarantees can be summoned to battle." (*Alston v. Redman* (3d Cir. 1994) 34 F.3d 1237, 1247 (*Alston*).)

■ Defendant argues she asserted the right to counsel when she attempted to call her attorney during her arrest; therefore, police were prohibited from later obtaining her *Miranda* waiver and interrogating her about the crime. Defendant acknowledges the officer who discovered the contraband sought only to complete the arrest, and had not yet asked to interrogate her. The Supreme Court has recognized that "the special procedural safeguards outlined in *Miranda* are required not where a suspect is simply taken into custody, but rather where a suspect *in custody is subjected to interrogation.*"

(*Rhode Island v. Innis* (1980) 446 U.S. 291, 300 [64 L.Ed.2d 297, 100 S.Ct. 1682], italics added; see also *People v. Avila* (1999) 75 Cal.App.4th 416, 422 [89 Cal.Rptr.2d 320] ["an invocation of the *Miranda* right to counsel must occur at the time of the custodial interrogation"].) To conclude defendant asserted her *Miranda* right to counsel before the officer had completed the arrest or sought to question her would permit invocation of *Miranda* rights "anticipatorily," and contravene the views expressed in *McNeil.*

Other courts have reached the same result when faced with similar claims. In *United States v. LaGrone* (7th Cir. 1994) 43 F.3d 332 (*LaGrone*), narcotics officers arrested the defendant in his grocery store, provided him with *Miranda* warnings and requested his permission to search the premises. Unsure whether to consent, he asked to speak with his lawyer. Investigators agreed, but when the defendant's efforts to contact his lawyer were unsuccessful, he consented to the search and directed officers to the contraband. At the station house, defendant waived his *Miranda* rights and made incriminating statements. The court of appeals rejected the defendant's argument that his request to speak with his lawyer invoked his *Miranda-Edwards* right to counsel and therefore officers were prohibited from later approaching defendant for an interview. The court, however, concluded defendant's request to speak with his lawyer concerning the pending search of his property was not an assertion of his rights under *Miranda* and *Edwards*, explaining that "in order for a defendant to invoke his *Miranda* rights the authorities must be conducting interrogation, or interrogation must be imminent. Such a requirement advances the twin goals of *Miranda*: providing an opportunity for the defendant to dissipate the compulsion [of custodial interrogation] and allowing law enforcement the ability to conduct investigations. We believe that not allowing a defendant to invoke his *Miranda* rights anticipatorily does not place an arduous burden on the defendant—all he needs to do is invoke his right in response to or just before interrogation. Thus there is no concern that our holding will allow law enforcement to badger a defendant, which *Edwards* was meant to protect against." (*Id.* at pp. 339–340; see also *People v. Beltran* (1999) 75 Cal.App.4th 425, 432 [89 Cal.Rptr.2d 267] ["In keeping with *McNeil*, to be effective, a suspect's invocation of his or her Fifth Amendment right to counsel must be asserted at the point when the suspect is in custody and interrogation by the police has begun, the point at which the suspect must be advised of his or her *Miranda* right to have counsel present during questioning"]; *People v. Calderon* (1997) 54 Cal.App.4th 766, 770–771 [63 Cal.Rptr.2d 104] [defense investigator informed police defendant asked for a lawyer; suppression denied because right not asserted *during* custodial interrogation]; *Alston, supra*, 34 F.3d at p. 1244 [*Miranda* warnings not required unless there is "*both* a custodial setting and official interrogation"].)

■ We do not suggest defendant must await a police officer's formal recitation of the *Miranda* admonition before invoking the right to counsel. Rather, a suspect may invoke *Miranda*'s protections if custodial interrogation is impending or imminent. (*LaGrone, supra,* 43 F.3d at p. 339; *U.S. v. Grimes* (11th Cir. 1998) 142 F.3d 1342, 1348; see also *Alston, supra,* 34 F.3d at p. 1249.) For example, defendant reasonably could conclude interrogation was imminent if the arresting officer began questioning defendant's companion immediately after placing them in custody. Because the arresting officer did not attempt to question either defendant or her companion, and gave no indication he would do so later, we reject defendant's argument she invoked *Miranda*'s right to counsel when she attempted to call her lawyer.

■ Even assuming defendant could invoke her right to counsel when informed she was under arrest, the question remains whether her attempted phone call to her attorney clearly expressed her desire to deal with the police only through counsel. (*Edwards, supra,* 451 U.S. at pp. 484–485.) To resolve this issue, "a reviewing court—like the trial court in the first instance—must ask whether, in light of the circumstances, a reasonable officer would have understood a defendant's reference to an attorney to be an unequivocal and unambiguous request for counsel, without regard to the defendant's subjective ability or capacity to articulate his or her desire for counsel, and with no further requirement imposed upon the officers to ask clarifying questions of the defendant. [Citation.] In reviewing the issue, moreover, the reviewing court must 'accept the trial court's resolution of disputed facts and inferences, and its evaluation of credibility, if supported by substantial evidence. [The reviewing court] independently determine[s] from the undisputed facts and the facts properly found by the trial court whether the challenged statement was illegally obtained.' [Citation.]" (*People v. Gonzalez* (2005) 34 Cal.4th 1111, 1125 [23 Cal.Rptr.3d 295, 104 P.3d 98] (*Gonzalez*).)

Here, we agree with the trial court's conclusion that defendant's attempt to phone her lawyer was not a clear assertion she desired counsel to deal with police in all matters. Defendant's arrest prompted the phone call to her lawyer, but she did not indicate she sought her attorney's help to deal with impending police interrogation. Indeed, the arresting officer gave no hint interrogation would take place. True, defendant may have desired her lawyer's help in dealing with police efforts to question her, but as the trial court pointed out, it also was reasonable to assume she merely wanted her lawyer to arrange bail. The Supreme Court explained "the *likelihood* that a suspect would wish counsel to be present is not the test for applicability of *Edwards*." (*McNeil, supra,* 501 U.S. at p. 178.) Rather, defendant must ask for "the particular sort of lawyerly assistance that is the subject of *Miranda*." (*Ibid.*) Thus, defendant's statement she was calling her lawyer falls short of a clear expression for an attorney's assistance in dealing with custodial interrogation.

■ Police officers have several options when a suspect makes an unclear or uncertain request for an attorney. In *Davis v. United States* (1994) 512 U.S. 452 [129 L.Ed.2d 362, 114 S.Ct. 2350], the Supreme Court concluded the defendant's statement during custodial interrogation that " 'Maybe I should talk to a lawyer' " was not an "unambiguous or unequivocal request for counsel" and therefore police could continue the interview. (*Id.* at p. 462.) The court declined to adopt a rule requiring officers to clarify the suspect's ambiguous references to an attorney. (*Id.* at pp. 461–462; see also *Gonzalez, supra,* 34 Cal.4th at p. 1116 [defendant's statement before polygraph examination during custodial interrogation that " 'if for anything you guys are going to charge me I want to talk to a public defender too, for any little thing,' " was conditional and ambiguous and police were not required to ask clarifying questions].) Consequently, police officers may decide to clarify a suspect's statement, but are not required to do so. Nor are they required to cease questioning if the defendant's request for an attorney is ambiguous. Thus, assuming defendant may invoke her *Miranda* rights in anticipation of custodial interrogation occurring later in the arrest process, her claim still fails because she never clearly asserted her right to counsel.[2]

## III

The court properly declined to suppress defendant's statements. The judgment is affirmed.

Sills, P. J., and Ikola, J., concurred.

---

[2] Whether defendant's attempt to call her attorney was a request for counsel during custodial interrogation was clarified later at the station house. Her voluntary *Miranda* waiver demonstrated she did not desire counsel's assistance during her police interview.