Filed 8/3/21  P. v. Saucedo CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B304815 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA144996) |
| v. | |
| ESTEVAN SAUCEDO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Raul A. Sahagun, Judge.  Affirmed.

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pitney, Assistant Attorney General, Michael R. Johnsen and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Estevan Saucedo (Saucedo) was convicted of the murder of Oliver White (White) (Pen. Code, § 187; count 1)[1] and the attempted murder of Ronald Jackson (Jackson) (§§ 664, 187; count 2). The jury found true a firearm allegation under section 12022.53, subdivision (d). On count 1, appellant was sentenced to 25 years to life in prison and a consecutive sentence of 25 years to life as an enhancement for the firearm allegation. On count 2, appellant was sentenced to a consecutive indeterminate life sentence with a minimum term of seven years. The trial court struck the firearm enhancement with respect to count 2. As to both counts, it struck the jury's true findings on gang allegations pursuant to section 186.22, subdivision (b)(1)(C).

Saucedo appeals from the judgment and argues: (1) the trial court violated his federal rights under the Fifth Amendment and the Due Process Clause in the Fourteenth Amendment as well as his state rights under section 4001.1 when it permitted the prosecution to introduce evidence of a confession[2] he made to an undercover operative while incarcerated for an unrelated offense; and (2) he received ineffective assistance of counsel because defense counsel did not object to the admission of the confession. He also raises an ineffective assistance of counsel argument in a petition for writ of habeas corpus, B312073, which we consider concurrently.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Saucedo made a series of inculpatory statements and confessed to shooting White. For ease of reference, we refer to his statements collectively as his confession.

We conclude that any objection to Saucedo's confession was waived and, in any event, the confession was not excludable and he suffered no prejudice due to the lack of objections. Accordingly, the judgment must be affirmed and the petition for writ of habeas corpus must be denied.

## FACTS

On February 1, 2016, White and Jackson were engaged in conversation in the driveway to White's house on 78th Street near Parmelee Avenue. A man wearing a ski mask or some other type of face covering started shooting at them, and a bullet hit White in the head. He died.

About a month later, a woman in custody on an unrelated matter spoke to a detective.[3] She revealed that on the night of the shooting, she saw her boyfriend give Saucedo a gun. The two men rode away on bikes, and then her boyfriend came back. Minutes later, she heard multiple gunshots and Saucedo returned. He looked sweaty and nervous and gave her boyfriend something. Right after that, Saucedo left. She later spoke to the homicide investigator assigned to White's murder, a sergeant in the Los Angeles County Sheriff's Department named Marcelo Quintero.

On October 8, 2016, Saucedo was arrested on an unrelated offense and advised of his rights under *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).[4] He acknowledged his rights.

---

[3] Saucedo states that the woman was a paid informant. This is not relevant to our analysis.

[4] Saucedo represents that he was arrested for violating section 10851, unlawful driving or taking of a vehicle without the owner's consent.

Subsequently, he was asked if he wanted to make a statement about the incident. He refused to talk about it. However, he did answer booking questions. The trial court later determined there had been no waiver of *Miranda* and excluded Saucedo's answers to the booking questions because they could have incriminated him regarding the gang allegations.

On November 15, 2016, Sergeant Quintero put Saucedo in a cell with an undercover operative and used various methods to stimulate conversation between them about the murder. During the first half of the operation, Saucedo did not admit anything. Sergeant Quintero took Saucedo out of his cell and interviewed him with a partner, Sergeant Richard Ruiz of the Los Angeles County Sheriff's Department. As a ruse, and to stimulate conversation with the undercover operative, Sergeant Quintero told Saucedo they had obtained his fingerprints from the evidence. As further stimulation, Sergeant Ruiz told Saucedo they were taking a DNA sample from him. Afterwards, they put Saucedo on a bench in a hallway next to the undercover operative and Saucedo confessed to shooting White.

Prior to trial, the prosecution filed a motion under Evidence Code section 402 to admit a recording of the jailhouse conversation and confession. The defense did not object. The trial court granted the motion.

At trial, the jury heard a recording of parts of the interview between Saucedo, Sergeant Quintero and Sergeant Ruiz, and recordings of parts of the conversations between Saucedo and the undercover operative.

4

## DISCUSSION

### I.  The Appeal.

Saucedo contends:  (1) His confession was obtained through coercive police conduct in violation of the Fifth Amendment based on *Miranda* and *Edwards v. Arizona* (1981) 451 U.S. 477, 484–485 (*Edwards*).)  (2) The introduction of his confession violated his right to due process under the Fourteenth Amendment. (3) His confession was inadmissible because the police tactics were deliberately designed to elicit incriminating remarks in violation of section 4001.1, subdivision (b).  These issues are not cognizable on appeal because Saucedo failed to object to the evidence below.[5]  (Evid. Code, § 353; *People v. Williams* (2008) 43 Cal.4th 584, 620 [""'[Q]uestions relating to the admissibility of evidence will not be reviewed on appeal in the absence of a specific and timely objection in the trial court on the ground sought to be urged on appeal""'"].)[6]

---

[5]     In his petition for writ of habeas corpus, Saucedo argues that objecting would have been futile and therefore he did not waive his objections.  This argument is not made in the appeal, so it need not be considered.  Ultimately, the point is moot.  The trial court did not err because, as we discuss, the confession was not excludable.

[6]     Evidence Code section 353 provides:  "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless:  [¶]  (a) There appears of record an objection or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion[.]"

In the alternative, Saucedo argues that he received ineffective assistance of counsel. As we discuss below, he failed to show that the evidence was excludable such that defense counsel caused prejudice by not objecting.

A. Ineffective Assistance of Counsel Law.

"When challenging a conviction on grounds of ineffective assistance, the defendant must demonstrate counsel's inadequacy. To satisfy this burden, the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance. It is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance of counsel only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Hung Thanh Mai* (2013) 57 Cal.4th 986, 1009; see also *Strickland v. Washington* (1984) 466 U.S. 668, 694 (*Strickland*) [as to prejudice: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"]; *Kimmelman*

*v. Morrison* (1986) 477 U.S. 365, 375 (*Kimmelman*) ["Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principle allegation of ineffectiveness, the defendant must . . . prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice"]; *People v. Ledesma* (1987) 43 Cal.3d 171, 217–218 (*Ledesma*), following *Strickland*.)[7]

B. <u>The Confession was not Excludable</u>.

1. *The Fifth Amendment.*

A defendant's statements made while he was the subject of custodial interrogation are inadmissible against him unless he was advised of his *Miranda* rights[8] and declined to invoke his right to remain silent and be represented by counsel. (*People v. Orozco* (2019) 32 Cal.App.5th 802, 811 (*Orozco*).) This rule protects the privilege against self-incrimination guaranteed by

---

[7] Saucedo asks us to treat any error by counsel as trial court error and reverse unless the error was harmless beyond a reasonable doubt under *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*). But *Strickland*, *Kimmelman* and *Ledesma* require us to examine whether it is reasonably probable there would have been a different result if counsel had not erred. We are bound by these decisions. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

[8] *Miranda* requires that a suspect in the custody of law enforcement be advised that the defendant has the right to remain silent, anything he or she says may be used as evidence against him or her, he or she has the right to the presence of an attorney, and the defendant will be provided with an attorney if he or she cannot afford one. (*Miranda, supra*, 384 U.S. at pp. 444–445, 473–474, 476.)

the Fifth Amendment.  (*Ibid*.)  As a corollary, the Supreme Court held that a defendant who invokes the right to counsel may not be subjected to further interrogation by the police on any crime unless counsel is present or the suspect himself initiates further communication with the police.  (*Edwards*, *supra*, 451 U.S. at pp. 484–485; *McNeil v. Wisconsin* (1991) 501 U.S. 171, 177 ["The *Edwards* rule . . . is not offense specific:  Once a suspect invokes the *Miranda* right to counsel for interrogation regarding one offense, he may not be reapproached regarding *any* offense until counsel is present"].)

Nine years after *Edwards*, the Supreme court held:  "*Miranda* warnings are not required when the suspect is unaware that he [or she] is speaking to a law enforcement officer and gives a voluntary statement."  (*Illinois v. Perkins* (1990) 496 U.S. 292, 294 (*Perkins*).)

In *Orozco*, we asked the following question:  "When a suspect invokes his *Miranda* right to counsel and law enforcement subsequently orchestrates a conversation between the suspect and someone the suspect does not know is an agent of law enforcement, which decision controls—*Edwards* or *Perkins*?"  (*Orozco*, *supra*, 32 Cal.App.5th at p. 812.)  We held that *Perkins* controls.  (*Orozco*, *supra*, at p. 812.)  "Implicit in the definition of 'interrogation' is that (1) the suspect is talking to the police or an agent of the police, *and* (2) the suspect is *aware* that he is talking to the police or one of their agents."  (*Orozco*, *supra*, at p. 813.)  Thus, we concluded "there is no 'interrogation' [or further interrogation] when a suspect speaks with someone he does not know is an agent of the police.  [Citations.]"  (*Id*. at p. 814.)[9]

---

[9]     As Saucedo acknowledges, other California Court of Appeal decisions have also held that *Miranda* and *Edwards* are

Our first inquiry is whether Saucedo invoked his right to counsel because the *Edwards* rule, "by its own terms, applies only where 'the accused in custody . . . has clearly asserted" that right. (*People v. Gonzalez* (2005) 34 Cal.4th 1111, 1122–1123.) To assert that right, an accused must make an unequivocal and unambiguous request. (*People v. Nguyen* (2005) 132 Cal.App.4th 350, 357.) While the appellate record indicates that Saucedo chose to remain silent, neither the prosecutor nor the defense attorney elicited testimony from law enforcement indicating whether Saucedo requested or even mentioned counsel. In the reply brief, Saucedo argues that the record gives rise to a presumption that he invoked the right to counsel because the prosecution did not prove otherwise.

Saucedo primarily relies on *People v. Whitson* (1998) 17 Cal.4th 229 (*Whitson*). In that case, the defendant made incriminating statements during three interviews with the police. (*Id.* at p. 235.) The trial court found that the defendant had waived his *Miranda* rights. (*Id.* at 248.) In reviewing that finding, *Whitson* explained that the prosecution was required to prove the "voluntariness of defendant's waiver [of *Miranda* rights] and confession . . . by a preponderance of the evidence." (*Whitson, supra,* 17 Cal.4th at p. 248.) The court concluded the record supported the finding that the defendant waived his

---

not implicated when suspects who have invoked their *Miranda* right to counsel subsequently speak to someone they do not know is an agent of the police. (See *People v. Plyler* (1993) 18 Cal.App.4th 535, 544–545; *People v. Guilmette* (1991) 1 Cal.App.4th 1534, 1539–1543.)

9

*Miranda* rights.[10]  Significantly, the court did not hold that the prosecution had to prove that the defendant failed to invoke his right to counsel.  Nor did it hold that there is a rebuttable presumption that counsel is requested by every defendant who is arrested.  *North Carolina v. Butler* (1979) 441 U.S. 369, 373 serves Saucedo no better.  It held that a waiver of *Miranda* rights can be implied as well as express.  (*Id*. at pp. 373–376.)  In its analysis, it commented that the "courts must presume that a defendant did not waive his [*Miranda*] rights" and the prosecution's burden of overcoming the presumption "is great[.]" (*Id*. at p. 373.)  Once again, the focus was on waiver, not on the invocation of the right to counsel.

Because the record does not establish that Saucedo invoked the right to counsel, *Edwards* does not apply.  Alternatively, *Edwards* does not apply because there is no evidence that Saucedo was aware that the undercover operative was an agent of law enforcement, i.e., Saucedo's confession was not made during a custodial interrogation.

---

[10]  *People v. Bradford* (1997) 14 Cal.4th 1005 (*Bradford*), also relied upon by Saucedo, is factually distinguishable.  The court explained that if a defendant requests counsel during an interrogation, and then makes a voluntary statement, that statement can be used at trial.  "Moreover, if the defendant's statement is not only voluntary, but constitutes a knowing and intelligent waiver of his right to see counsel, the interrogation may resume.  [Citation.]  . . . The state must demonstrate the validity of the defendant's waiver by a preponderance of the evidence.  [Citation.]"  (*Id*. at p. 1034.)  *Bradford* applies to a subsequent waiver of *Miranda* rights, not to the initial invocation of the right to counsel.

2. *Due Process*.

The due process clause of the Fourteenth Amendment precludes the admission of involuntary statements procured by coercive police activity. (*People v. McCurdy* (2014) 59 Cal.4th 1063, 1086; *Colorado v. Connelly* (1986) 479 U.S. 157, 167.) Coercion "is determined from the perspective of the suspect" and is "not present when an incarcerated person speaks freely to someone whom he believes to be a fellow inmate." (*Perkins*, *supra*, 496 U.S. at p. 296.) As we explained in *Orozco*, an officer's "behind-the-scene manipulation is, at most, a form of deception," and does not, by itself, make a confession involuntary. (*Orozco*, *supra*, 32 Cal.App.5th at p. 819.) This case does not trigger any due process concerns because Saucedo believed he was speaking to a fellow inmate.

3. *Section 4001.1, Subdivision (b)*.

"No law enforcement agency and no in-custody informant acting as an agent for the agency, may take some action, beyond merely listening to statements of a defendant, that is deliberately designed to elicit incriminating remarks." (§ 4001.1., subd. (b).) This statute does not apply to incriminating statements pertaining to uncharged offenses to which the Sixth Amendment right to counsel has not yet attached. (*People v. Gallardo* (2017) 18 Cal.App.5th 51, 78 (*Gallardo*).)

Despite *Gallardo*, Saucedo urges us to extend section 4001.1 so it applies to uncharged offenses if a defendant is in custody and has already invoked his Fifth Amendment rights as to a different offense.

With section 4001.1, subdivision (b), the Legislature intended to restate existing case law.[11] To the degree the

---

[11]    Section 4001.1 was enacted in 1989.

11

statutory language conflicted with that case law, the enacting legislation stated that *Kuhlmann v. Wilson* (1986) 477 U.S. 436 (*Kuhlmann*), *United States v. Henry* (1980) 447 U.S. 264 (*Henry*), and other Supreme Court decisions decided at the time the statute was enacted shall be controlling.  (*Gallardo, supra*, 18 Cal.App.5th at p. 78.)  "*Kuhlmann* and *Henry* both involved application of the Supreme Court's ruling in *Massiah v. United States* (1964) 377 U.S. 201 [(*Massiah*)], which 'held that, once a defendant's Sixth Amendment right to counsel has attached, he [or she] is denied that right when federal agents "deliberately elicit" incriminating statements from [the defendant] in the absence of his [or her] lawyer.'  [Citation.]"  (*Gallardo, supra*, at p. 78.)  Our Supreme Court held that the "prohibition set forth in *Massiah* and its progeny . . . "is offense-specific; that is, it applies only to "'offenses to which adversary judicial criminal proceedings have been initiated'" [citation][.]"  (*Gallardo, supra*, at p. 78.)

We acknowledge, as Saucedo points out, that the enacting legislation generally referred to extant Supreme Court decisions. But we do not construe this to mean, as Saucedo suggests, that section 4001.1, subdivision (b) restates the law of *Miranda* and *Edwards* as it existed prior to *Perkins*.  The Legislature specifically referred to *Kuhlmann* and *Henry*, which signals that it was focused on Sixth Amendment cases not Sixth Amendment *and* Fifth Amendment cases.  We conclude the statute only applies as held in *Gallardo*.  But even if the Legislature intended to also restate the law of *Miranda* and *Edwards*, we do not see how that helps Saucedo.  Those cases pertained to custodial interrogations, and Saucedo has not pointed to any pre-*Perkins* case law from the Supreme Court holding that a conversation

12

between a defendant and an undercover operative is a custodial interrogation.

Based on both *Gallardo* and the lack of evidence that the operative was an in-custody informant,[12] we conclude that section 4001.1, subdivision (b) did not render the confession excludable.

C. <u>No Prejudice</u>.

The confession was not excludable. Thus, if defense counsel had objected to the admissibility of the confession, the objection would have been properly overruled. Saucedo cannot show that he suffered prejudice.

## II. The Petition for Writ of Habeas Corpus.

In his petition for writ of habeas corpus, Saucedo argues that he received ineffective assistance of counsel because defense counsel did not object to the confession based on the Fifth Amendment and *Miranda/Edwards*. He asks us to go outside the appellate record and consider the newly present transcript of his police interview.

A. <u>The Interview</u>.

In the interview that Sergeant Quintero and Sergeant Ruiz conducted on November 15, 2016, they told Saucedo they were investigating a shooting on 78th Street and Parmelee Avenue and read Saucedo his *Miranda* rights. They asked if Saucedo understood his rights and he said yes. They questioned Saucedo about the shooting. After several minutes, they said they had fingerprints on a shell casing, and if they turned out to be his, he

---

[12] Except as otherwise specified, an in-custody informant is defined as a person whose testimony is based upon statements made by the defendant while both the defendant and the informant are held within a correctional institution. (§ 1127a, subd. (a).)

13

would be charged with murder.  Then they said they were going to check "him" for DNA.  At that point, Saucedo said, "Um, can I talk to my lawyer about this, you know?"  In response, Detective Quintero answered:  "Yeah, yeah.  Yeah, yeah.  Um, but, you know, we're [going to] have a search warrant so. . . ."  The officers continued talking to Saucedo for several more minutes.  He denied shooting the victim, and he denied being in the area with a gun.

B. <u>Analysis</u>.

Though Saucedo asks us to consider the transcript of his interview, he does not suggest that it changes the analysis. Rather, he reiterates the same arguments that he advanced in his appeal.  As we previously determined, Saucedo's confession was not excludable under the Fifth Amendment and *Miranda*/*Edwards*, and he was not prejudiced by defense counsel's failure to object.

All other issues are moot.

## DISPOSITION

The judgment is affirmed and the petition for writ of habeas corpus is denied.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

15